IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT L. VERGE,**

                **Petitioner,**

        v.                               CASE NO. 06-3148-SAC

**DAVID R. McKUNE, et al.,**

                **Respondents.**

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. Respondents filed a motion to dismiss this matter as untimely (Doc. 5), and petitioner filed a response (Doc. 6). Having considered the record, the court enters the following findings and order.

**Background**

The material facts are not in dispute. Petitioner was convicted in the District Court of Dickinson County, Kansas, on November 11, 1998. He was sentenced on December 4, 1998, to a term of forty years without the possibility of parole and a consecutive sentence of 234 months. On November 16, 2001, the Kansas Supreme Court affirmed the convictions but remanded the matter for resentencing on the consecutive term. Petitioner was resentenced on January 2, 2002, to a consecutive term of 117 months.

On December 13, 2002, petitioner filed a motion to correct

illegal sentence.  The motion was denied on May 7, 2003, and petitioner appealed.  The Kansas Court of Appeals affirmed the decision on August 26, 2005, and the Kansas Supreme Court denied the petition for review on December 20, 2005.  Petitioner executed the petition for habeas corpus on May 16, 2006.

## Discussion

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which took effect on April 24, 1996.  In part, the AEDPA amended 28 U.S.C. § 2244(d) to establish that:

> "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," beginning from the latest of:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2244(d)(1)(A)-(D).

The running of the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending····"  28 U.S.C. § 2244(d)(2).

2

**Application**

The limitation period in the present case began to run, at the latest, 90 days after the petitioner was resentenced on January 2, 2002, and ran until petitioner filed a motion to correct illegal sentence on December 13, 2002, a period of 255 days. The limitation period was tolled during the pendency of that motion.

Petitioner contends the limitation period also was tolled during the 90-day period following the denial of the petition for review of his postconviction motion. In the Tenth Circuit, however, it is settled that "the limitation period [is] tolled only while [a] petitioner [is] seeking *state court review* of his post-conviction application." Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999)(emphasis supplied).

In Rhine, the Tenth Circuit contrasted the tolling provision governing direct review contained in § 2244(d)(1), which provides that the one-year limitation period begins from "the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review" with § 2244(d)(2), governing post-conviction review, which states that the limitation period is tolled during the period in "which a properly filed application for State post-conviction or other collateral review...is pending". Because a petition for certiorari is not an application for state review, the limitation period is not tolled during the 90-day period following a denial of post-conviction relief by the highest state court.

Therefore, the ninety days following the denial of the petition

3

for review by the Kansas Supreme Court on December 20, 2005, must be considered in examining the timeliness of this action. As noted by respondents, the limitation period expired 110 days after the denial, on April 9, 2006. The present action is not timely.

IT IS, THEREFORE, BY THE COURT ORDERED the motion to dismiss (Doc. 5) is granted.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 2nd day of August, 2006, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge